**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-00811-WDM-OES

BELINDA KLEIN,

    Plaintiff,

v.

LAW PRODUCTS MANAGEMENT GROUP, LLC and
HOLIDAY CREATIONS, INC.,

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY
OF INFORMATION AND DOCUMENTS**
_____

This action involves allegations of violation of the Equal Pay Act, 29 U.S.C. § 206, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, arising out of plaintiff's employment with defendants.

The parties agree that information, documents, or things that may be discovered or produced in connection with this action may include medical records, personnel records, trade secrets or other private, confidential and/or proprietary information and/or documents. In order to permit the parties to discover information and documents that may be relevant to this case, it is hereby ordered pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure that whenever, in the opinion of counsel for a party, discovery in this case will reveal or has revealed information and/or documents that counsel reasonably believes is private, confidential and/or proprietary, the following procedures will be followed:

    1.    Counsel for the respective party shall designate the information and/or document

as confidential by marking any claimed confidential document with the word "confidential" or by sending a letter to opposing counsel identifying the information and/or document as confidential. Before designating a document as confidential, counsel must possess a good faith belief that the document is confidential and entitled to protection.

2.      In the case of depositions upon oral examination, if counsel for a party or third party believes that questions or answers include or call for confidential information or include examination of a confidential document, counsel shall so state on the record and shall request that all or a portion of the original deposition transcript be designated as "confidential," and that it be maintained in a separate, sealed and appropriately marked envelope.  The reporter, who shall first have agreed to abide by the terms of this Order, shall include on the cover page of each sealed transcript, or portion thereof, the following:  "This transcript, or portions thereof, contains information subject to a Protective Order and shall be used only in accordance therewith."  When testimony designated as "confidential" is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.  If either party orders a copy of a deposition transcript all or a portion of which is designated as confidential, the confidential portions of the transcript shall not be sealed, so as to allow counsel access to the testimony as needed, but counsel shall take reasonable steps to maintain the confidentiality of the transcript in accordance with the terms of this Order.

3.      The rights of access to all discovery materials designated as confidential shall be limited to the parties and their affiliates and/or representatives, the Court and its employees, counsel of record, paralegals, or other agents working under the direct supervision of any counsel of record, solely for the purpose of assisting counsel of record with respect to this case, or any witness endorsed by any party or any person whom counsel in good faith considers to be a

potential witness, but only insofar as is necessary relative to matters pertaining to the testimony of anticipated testimony of such witness or potential witness. Independent experts or consultants employed by a party (together with their clerical personnel) whose advice and consultation are being or will be used by such party in connection with this litigation shall also have access to materials designated as confidential.

4. Except as provided herein, no person having access to information, documents or things designated as confidential under paragraph 1 of this Order shall make public disclosure of or disclose to any other person, any such information, documents or things without either further order of the Court or stipulation by the parties. In disclosing the contents of confidential documents, as permitted by paragraph 3 above, counsel shall advise the person to whom disclosure is made of the terms of this Order. Counsel desiring to disclose information designated as confidential to any person not a party to this action or employed by counsel of record shall first obtain from each person a signed undertaking in the form attached hereto as Exhibit A. This paragraph does not preclude either party from submitting such information to the Court or jury if necessary to the case.

5. Any specific part or parts of restrictions imposed by paragraph 2 and 3 may be terminated at any time by a written stipulation of the parties, or by order of court for good cause shown.

6. A party may object to the designation of particular information, documents or things as confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information, document or thing to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the date the notice is received, it shall be the obligation of the party designating the information, document or

thing as confidential to file an appropriate motion within five (5) business days thereafter, requesting that the Court determine whether the disputed information, document or thing should be subject to the terms of this Order. If such a motion is timely filed, the disputed information, document or thing shall be treated as confidential under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information, document or thing shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information, document or thing as confidential shall bear the burden of establishing that good cause exists for the disputed information, document or thing to be treated as confidential. The prevailing party on a motion filed pursuant to this paragraph shall be awarded reasonable fees and costs relating to the motion.

7. The effect of this Order shall continue after the conclusion of all trial and appellate proceedings, and upon request, all documents designated as confidential shall be returned to the designating party's counsel within sixty (60) days of the conclusion of the proceedings in this case.

8. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, any statute, case law or other authority, nor shall it prevent a party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders.

9.      By producing documents or things or providing information, neither plaintiff nor defendants take any position on their admissibility for purposes other than discovery, including summary judgment and trial, such admissibility to be determined at the appropriate later time.

SO ORDERED: November 30, 2005

                s/ O. Edward Schlatter

                _____
                O. Edward Schlatter, United States Magistrate Judge

**Exhibit A**
**to Stipulated Protective Order on Confidentiality of Information and Documents**

**Acknowledgement and Personal Commitment Regarding Protective OrderEXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-811-WDM-OES

BELINDA KLEIN,

    Plaintiff,

v.

LAW PRODUCTS MANAGEMENT GROUP, LLC and
HOLIDAY CREATIONS, INC.,

    Defendants.

_____

**ACKNOWLEDGEMENT AND PERSONAL COMMITMENT
REGARDING PROTECTIVE ORDER**
_____

    I, _____, declare:

1.     My address is _____.

2.     My present occupation is _____.

3.     I have received a copy of the STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY OF INFORMATION AND DOCUMENTS entered in this case. I have read carefully and understand the provisions of the Order.

4.     I do not have an ongoing business or employment relationship with _____, the party disclosing confidential materials or information to me, other than solely in connection with this litigation and/or as follows:

_____.

5.     I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not

copy or use except for purposes of this litigation, any document or information designated as "confidential" that I receive in this litigation, except to the extent that such confidential information is or becomes public information under the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on _____, 200\_.

_____
Signature

_____
Print Name

_____
_____
_____
Address and Telephone